IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04cv161

| | |
|---|---|
| DOUGLAS R. CLEMENS,  )<br>)<br>**Plaintiff,**  )<br>)<br>Vs.  )<br>)<br>BELLSOUTH TELECOMMUNICATIONS,  )<br>INC.,  )<br>)<br>)<br>**Defendant.**  )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on the joint Motion for Court Approval of Settlement and Dismissal with Prejudice and in accordance with 28, United States Code, Section 636(c).

In conducting such review of the confidential settlement agreement, this court is guided by the decision of the Court of Appeals for the Fourth Circuit in Taylor v. Progress Energy, Inc., 415 F.3d 364 (4th Cir. 2005), which provides for court review of settlement of claims under the Family Medical Leave Act:

> Because FMLA claims are not waivable by agreement, neither are they waivable by ratification. Section 825.220(d) provides that "[e]mployees cannot waive . . . their rights under [the] FMLA," and it makes no exception for waiver by ratification. We take no position on the effect our decision today might have on the continuing validity of the release with respect to non-FMLA claims, but we note that the release contains a severability clause. Moreover, in future proceedings the district court "may need to inquire whether the employer has claims for restitution, recoupment, or setoff against the employee." These questions, which "may be complex [if] a release is effective as to some claims but not as to" others, are not before us today.

Id., at 370 (citations omitted). The court has reviewed the settlement agreement and the letter of September 1, 2005, from counsel for defendant clarifying such agreement, and finds as follows: (1) the settlement agreement is a complete resolution of all disputes between these parties; (2) that all parties have been well represented by experienced counsel; (3) that the settlement agreement was reached with the assistance of an experienced mediator approved by this court, who is also an attorney; (4) that the settlement is both fair and reasonable to all concerned; and (5) that based on

such settlement agreement, as supplemented by the letter, the employer does not have and has waived all claims for restitution, recoupment, or setoff against Mr. Clemens.

## ORDER

**IT IS, THEREFORE, ORDERED** that the joint Motion for Court Approval of Settlement and Dismissal with Prejudice is **ALLOWED,** the confidential settlement agreement is incorporated herein by reference, **APPROVED,** and placed under **SEAL** which shall remain in effect after disposition of the case, L.R. 5.1(D)(4), and this actions is **DISMISSED WITH PREJUDICE.**

**Signed: September 1, 2005**

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge